UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

Docket Number(s): 26-968        Caption [use short title]

Motion for: Leave to File Reply Brief

Set forth below precise, complete statement of relief sought:

Plaintiffs respectfully move this Court for leave to file a reply brief in support of their Federal Rule of Appellate Procedure 23(f) Petition for Permission to Appeal.

Franklin, et al. v. City of Buffalo, N.Y., et al.

MOVING PARTY: Franklin, et al.     OPPOSING PARTY: City of Buffalo, N.Y., et al.

☒ Plaintiff     ☐ Defendant

☒ Appellant/Petitioner     ☐ Appellee/Respondent

MOVING ATTORNEY: Claudia Wilner     OPPOSING ATTORNEY: Hugh M. Russ, III

[name of attorney, with firm, address, phone number and e-mail]

National Center for Law and Economic Justice    Hodgson Russ LLP

50 Broadway, Suite 1500, New York, NY 10004    140 Pearl Street, Suite 100 Buffalo, NY 14202

(212) 633-6967; wilner@nclej.org    (716) 856-4000; hruss@hodgsonruss.com

Court- Judge/ Agency appealed from: Western District of New York; Judge Christina Reiss

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☒ Yes ☐ No (explain): _____

Opposing counsel's position on motion:
☐ Unopposed ☒ Opposed ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☐ No ☒ Don't Know

Is the oral argument on motion requested? ☐ Yes ☒ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set? ☐ Yes ☒ No If yes, enter date: _____

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has this request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this court? ☐ Yes ☐ No

Requested return date and explanation of emergency: _____

**Signature of Moving Attorney:**

/s/ Claudia Wilner    Date: May 4, 2026    Service: ☒ Electronic ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

# No. 26-968

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

DORETHEA FRANKLIN, TANIQUA SIMMONS, DE'JON HALL, JANE DOE, individually and on behalf of a class of others similarly situated, SHIRLEY SARMIENTO, EBONY YELDON, CHARLES PALMER, SHAKETA REDDEN, and JOSEPH BONDS,
*Plaintiffs-Petitioners*,

v.

CITY OF BUFFALO, N.Y., BYRON B. BROWN, Mayor of the City of Buffalo, in his individual and official capacities, BYRON C. LOCKWOOD, Commissioner of the Buffalo Police Department, in his individual capacity, DANIEL DERENDA, former Commissioner of the Buffalo Police Department, in his individual capacity,
*Defendants-Respondents*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NEW YORK

## PLAINTIFFS' MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF THEIR RULE 23(f) PETITION

Philip A. Irwin
Jordan S. Joachim
Christine A. Nelson
Jacob T. Stark
COVINGTON & BURLING LLP
30 Hudson Yards
New York, New York 10001
(212) 841-1000

Claudia Wilner
NATIONAL CENTER FOR LAW
 AND ECONOMIC JUSTICE
50 Broadway, Suite 1500
New York, New York 10004
(212) 633-6967

*(Counsel Continued on Inside Cover)*   *Attorneys for Plaintiffs-Petitioners*

Matthew Alan Parham
WESTERN NEW YORK LAW
 CENTER
Cathedral Park Tower
37 Franklin Street, Suite 210
Buffalo, New York 14202
(716) 828-8415

A. Chinyere Ezie
Baher Azmy
CENTER FOR
 CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
(212) 614-6464

*Attorneys for Plaintiffs-Petitioners*

Pursuant to Federal Rule of Appellate Procedure 27, Plaintiffs-Petitioners hereby move this Court for leave to file a reply, attached as Exhibit A, in support of their Federal Rule of Civil Procedure 23(f) Petition for Permission to Appeal the District Court's Class Certification Order (the "Petition").

Neither the Federal Rules of Appellate Procedure nor this Court's Local Rules expressly address whether or under what circumstances a reply may be filed in support of a Rule 23(f) petition. Under the Federal Rules of Appellate Procedure, the party seeking relief usually has an opportunity to reply to any opposition to the relief it seeks. *See, e.g.*, Fed. R. App. P. 27(a)(4); Fed. R. App. P. 28(c); *see also* Local Rule 31.2(a)(2). This Court has repeatedly accepted replies in support of Rule 23(f) petitions, including in a prior 23(f) petition proceeding in this case. *See, e.g.*, *City of Buffalo, N.Y. v. Black Love Resists in the Rust*, No. 25-1191, Dkt. 16 (2d Cir. Sept. 15, 2025); *Signet Jewelers Ltd. v. Pub. Emp. Ret. Sys. of Miss.*, No. 19-2268, Dkt. 80 (2d Cir. Nov. 19, 2019); *Kurtz v. Costco Wholesale Corp.*, No. 17-1023, Dkt. 55 (2d Cir. June 14, 2017).

Plaintiffs submit their proposed reply to respond to several errors in Defendants' Response to Plaintiffs' Petition (the "Response"). The

1

Response erroneously asserts that Plaintiffs' petition was filed after the 14-day deadline for Rule 23(f) petitions and makes a baseless and procedurally improper request for sanctions against Plaintiffs' counsel. The Response's other attacks on the Petition also raise substantive issues. A short reply brief will provide Plaintiffs the opportunity to respond to these contentions.

For these reasons, Plaintiffs respectfully request that the Court grant its Motion for Leave to file its reply brief in further support of the Petition, accept its reply brief, and consider it in ruling on Plaintiffs' Petition. In advance of filing, Plaintiffs conferred with Defendants, who have advised that they will most likely oppose Plaintiffs' Motion for Leave.

Dated: May 4, 2026                        Respectfully submitted,


                                          /s/ *Claudia Wilner*
Philip A. Irwin                           Claudia Wilner
Jordan S. Joachim                         NATIONAL CENTER FOR LAW
Christine A. Nelson                         AND ECONOMIC JUSTICE
Jacob T. Stark                            50 Broadway, Suite 1500
COVINGTON & BURLING LLP                   New York, New York 10004
30 Hudson Yards                           (212) 633-6967
New York, New York 10001                  wilner@nclej.org
(212) 841-1000
pirwin@cov.com                            A. Chinyere Ezie
jjoachim@cov.com                          Baher Azmy
cnelson@cov.com                           CENTER FOR
jstark@cov.com                              CONSTITUTIONAL RIGHTS
                                          666 Broadway, 7th Floor
                                          New York, New York 10012
Matthew Alan Parham                       (212) 614-6464
WESTERN NEW YORK LAW                      bazmy@ccrjustice.org
  CENTER                                  cezie@ccrjustice.org
Cathedral Park Tower
37 Franklin Street, Suite 210
Buffalo, New York 14202
(716) 828-8415
mparham@wnylc.com


                                          *Attorneys for Plaintiffs-Petitioners*

3

# EXHIBIT A

# No. 26-968

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

DORETHEA FRANKLIN, TANIQUA SIMMONS, DE'JON HALL, JANE DOE, individually and on behalf of a class of others similarly situated, SHIRLEY SARMIENTO, EBONY YELDON, CHARLES PALMER, SHAKETA REDDEN, and JOSEPH BONDS,
*Plaintiffs-Petitioners*,

v.

CITY OF BUFFALO, N.Y., BYRON B. BROWN, Mayor of the City of Buffalo, in his individual and official capacities, BYRON C. LOCKWOOD, Commissioner of the Buffalo Police Department, in his individual capacity, DANIEL DERENDA, former Commissioner of the Buffalo Police Department, in his individual capacity,
*Defendants-Respondents*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NEW YORK

**PLAINTIFFS' PROPOSED REPLY IN SUPPORT OF THEIR RULE 23(f) PETITION**

Philip A. Irwin
Jordan S. Joachim
Christine A. Nelson
Jacob T. Stark
COVINGTON & BURLING LLP
30 Hudson Yards
New York, New York 10001
(212) 841-1000

Claudia Wilner
NATIONAL CENTER FOR LAW
 AND ECONOMIC JUSTICE
50 Broadway, Suite 1500
New York, New York 10004
(212) 633-6967

*(Counsel Continued on Inside Cover)*  *Attorneys for Plaintiffs-Petitioners*

Matthew Alan Parham
WESTERN NEW YORK LAW
 CENTER
Cathedral Park Tower
37 Franklin Street, Suite 210
Buffalo, New York 14202
(716) 828-8415

A. Chinyere Ezie
Baher Azmy
CENTER FOR
 CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
(212) 614-6464

*Attorneys for Plaintiffs-Petitioners*

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ............................................................i

TABLE OF AUTHORITIES................................................. ii

INTRODUCTION.............................................................1

ARGUMENT .................................................................2

I. Plaintiffs Timely Filed Their Rule 23(f) Petition. ..........................2

    A. The Rule 23(f) Deadline Runs from the Date an Order Granting or Denying Class Certification Is Entered. ............2

    B. Plaintiffs' Petition Is Not Untimely Under *Nutraceutical* or *Fleischman*................................................3

II. Plaintiffs' Petition Raises Novel and Important Legal Questions Warranting Immediate Review. ...................................6

    A. The District Court Fashioned a New Rule on Standing in Class Actions Instead of Applying Established Precedent.........................................................6

    B. The District Court's Standing Rule Forecloses Forward-Looking Relief in Virtually All Cases Challenging Police Traffic Enforcement Practices.................7

III. The District Court's Ruling Undeniably Functions as a Death Knell. ...............................................................8

IV. Defendants' Request for Sanctions is Procedurally Defective and Meritless.............................................................9

CONCLUSION ...........................................................12

CERTIFICATE OF COMPLIANCE.......................................14

# TABLE OF AUTHORITIES

**Page**

## Cases

*Cooter & Gell v. Hartmarx Corp.*,
496 U.S. 384 (1990)............................................................................9

*DePasquale v. DePasquale*,
568 F. App'x 55 (2d Cir. 2014) ........................................................11

*Doe v. McDonald*,
128 F.4th 379 (2d Cir. 2025)..............................................................6

*In re Drexel Burnham Lambert Grp. Inc.*,
995 F.2d 1138 (2d Cir. 1993) ...........................................................11

*Fleischman v. Albany Medical Center*,
639 F.3d 28 (2d Cir. 2011) ........................................................3, 4, 5

*Great Am. Ins. Co. v. M/V Handy Laker*,
348 F.3d 352 (2d Cir. 2003) .............................................................10

*Houston v. Greiner*,
174 F.3d 287 (2d Cir. 1999) ...............................................................3

*Jobie O. v. Spitzer*,
2007 WL 4302921 (S.D.N.Y. Dec. 5, 2007) .......................................6

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992)............................................................................6

*Nutraceutical Corporation v. Lambert*,
586 U.S. 188 (2019)........................................................................3, 4

*O'Shea v. Littleton*,
414 U.S. 488 (1974)............................................................................8

## Other Authorities

Federal Rule of Appellate Procedure 38 ..............................................10

Federal Rule of Civil Procedure 1 ............................................................. 9

Federal Rule of Civil Procedure 11(b) ...................................................... 11

Federal Rule of Civil Procedure 11(c) ...................................................... 10

Federal Rule of Civil Procedure 23(f) ....................................................... 3

## INTRODUCTION

Defendants' opposition (Doc. No. 13.1)[1] misstates the nature and entry date of the certification order (Dkt. 357)[2] that Plaintiffs seek to appeal. Defendants' opposition rests on a misapplication of Rule 23(f)'s timing rule that collapses distinct doctrines—renewed motions for class certification, motions for reconsideration, and tolling—into a single, incorrect framework. Once the proper rule is applied, Plaintiffs' petition is timely. Defendants' opposition also confirms—not refutes—that this case is precisely the type of matter warranting interlocutory review. Not only do novel legal questions abound, the district court's questionable certification rulings, if left undisturbed, will function as a practical bar to injunctive relief in this case and future civil rights cases like this one. That is the definition of a death knell. Finally, Defendants' attempt to recast Plaintiffs' petition—and their pro bono counsel's good-faith advocacy—as sanctionable fails for both substantive and procedural reasons. Plaintiffs seek review of consequential legal errors grounded in

---

[1] For purposes of this briefing, "Dkt." refers to the district court docket in *Franklin v. City of Buffalo, N.Y.*, No. 1:18-cv-719 (W.D.N.Y.), while "Doc. No." refers to the appellate docket. All page numbers refer to the internal pagination within the documents themselves.

[2] Citations to the district court's order refer to the page numbers in the Addendum to Plaintiffs' 23(f) Petition using "Add."

1

the record and the governing law. Rule 23(f) exists for exactly this purpose. Because this petition presents important and unsettled questions of law concerning Rule 23, standing, and injunctive relief that will materially affect not only the parties here, but future class action litigants, the petition should be granted.

## ARGUMENT

### I. Plaintiffs Timely Filed Their Rule 23(f) Petition.

Defendants' assertion that Plaintiffs' petition was late-filed turns on two basic errors: it (1) ignores that the deadline for a Rule 23(f) petition runs from the date a class certification order is *entered*—not the date it was signed, and (2) treats the question whether Rule 23(f) permits interlocutory appeals from orders resolving *renewed* motions for class certification as clearly established when at best it is unresolved in this Circuit.

### A. The Rule 23(f) Deadline Runs from the Date an Order Granting or Denying Class Certification Is Entered.

Defendants' timeliness argument fails in the first instance because it improperly treats March 27, 2026—the date the district court's order was signed—as the operative deadline for Plaintiffs' petition, rather than March 31, 2026, the date when it was entered on the docket and

2

disseminated to the parties. *Compare* Doc. No. 13.1 at 11 *with* Ex. B, Dkt. 357. The plain language of Rule 23(f) makes clear that the deadline is "14 days after the order is *entered*[.]" Fed. R. Civ. P. 23(f) (emphasis added). Entry occurs upon docketing. *See Houston v. Greiner*, 174 F.3d 287, 288-89 (2d Cir. 1999) (explaining that the entry date explicitly noted on the docket controls for calculating a timely appeal when it differs from the filing and/or signing date).

Here, the relevant class-certification order was entered on March 31, 2026, and the Parties were notified of the Court's decision on that same date. *See* Ex. B, Dkt. 357. Plaintiffs filed their Petition on April 14, 2026—exactly 14 days later. Doc. No. 1.1. Therefore, contrary to Defendants' assertions, Plaintiffs' petition is timely.

**B. Plaintiffs' Petition Is Not Untimely Under *Nutraceutical* or *Fleischman*.**

Defendants' timeliness arguments based on *Nutraceutical Corporation v. Lambert*, 586 U.S. 188 (2019) and *Fleischman v. Albany Medical Center,* 639 F.3d 28 (2d Cir. 2011) (per curiam) are also misplaced. Neither decision concerns Rule 23(f) review of denials of

3

renewed motions for class certification, let alone holds such petitions are improper.[3]

In *Nutraceutical*, the Supreme Court held that Rule 23(f)'s fourteen-day deadline is a mandatory rule not subject to equitable tolling. 586 U.S. at 192-94. But the Court expressly distinguished between tolling and the antecedent question of when the deadline is triggered. Defendants' assertion that *Nutraceutical* precludes Plaintiff's petition improperly treats this case as one involving equitable tolling, when it is not. Plaintiffs filed a Renewed Motion for Class Certification based on new evidence, and the district court entered its order denying that motion on the merits on March 31, 2026. *See* Add. 3, 20-23. Under *Nutraceutical*, that ruling determines when the Rule 23(f) clock begins to run. Accordingly, *Nutraceutical* does not bar Plaintiffs' petition; if anything, it confirms it was timely.

---

[3] Plaintiffs seek Rule 23(f) review only of the district court's denial of their renewed motion for class certification pursuant to Rule 23(c)(1)(C), not their motion for reconsideration as Defendants suggest. Indeed, Plaintiffs contend that the district court applied the wrong legal standard to their motion to renew—and this itself presents an unsettled and significant question of class-action law justifying immediate review. *See* Doc. No. 1.1 at 10-12, 25-26.

The same is true for *Fleischman*. In *Fleischman,* the petitioners sought review of a motion to amend a previous order granting class certification. *Fleischman,* 639 F.3d at 30-31. As a matter of first impression, the Court held that "an interlocutory appeal pursuant to Rule 23(f) may not properly be taken from an order denying amendment to a previous order granting class certification." *Id.* at 31. Denying amendment to a previous order, in the Court's view, was not "granting or denying class-action certification," as required for Rule 23(f) to apply. *Id.* Importantly, however, the *Fleischman* court limited its focus to the specific circumstances presented by the petition and did not address how Rule 23(f) applies to other certification motions. *Id.* at 30-31. Here, Plaintiffs did not merely seek to amend a previous order but filed a renewed motion based on an expanded record, with new evidence and the proposed intervention of two additional class representatives. The district court's denial of that renewed motion constituted an order "denying class-action certification" for purposes of Rule 23(f). Accordingly, *Fleischman* does not govern here.

## II. Plaintiffs' Petition Raises Novel and Important Legal Questions Warranting Immediate Review.

Far from demonstrating that Plaintiffs' Petition is improper, Defendants' opposition confirms the novelty—and significance—of the legal issues presented for review. Two examples are especially illustrative.[4]

### A. The District Court Fashioned a New Rule on Standing in Class Actions Instead of Applying Established Precedent.

Article III "'standing is to be determined as of the commencement of suit,' even for plaintiffs seeking forward-looking relief." *Doe v. McDonald*, 128 F.4th 379, 384 (2d Cir. 2025) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 570 n.5 (1992)). Defendants fail to identify *any* Second Circuit case announcing a different standing rule applicable to class actions. Doc. No. 13.1 at 14-15. Nevertheless, they assert that the district court did not err when it calculated standing as of the date of the 2024 class-certification motion, instead of the date this case began, based on a single, unpublished, non-precedential district court case that itself confuses standing with mootness. Add. at 5-6 (discussing *Jobie O. v.*

---

[4] The district court's (and Defendants') conclusions concerning ascertainability and "obey the law" relief are also novel for the reasons previously outlined in Plaintiffs' petition. Doc. No. 1.1 at 18-24.

*Spitzer*, 2007 WL 4302921 (S.D.N.Y. Dec. 5, 2007)); Doc. No. 13.1 at 14-15 (same). Defendants' opposition thus highlights the continuing uncertainty surrounding this issue and the need for this Court to clarify the correct standing rule that district courts must apply when the complaint and motion for class certification are filed on different dates.

**B.     The District Court's Standing Rule Forecloses Forward-Looking Relief in Virtually All Cases Challenging Police Traffic Enforcement Practices.**

The district court's alternative standing ruling based on the allegedly "speculative" nature of Plaintiffs' alleged harm also presents novel questions that merit interlocutory review. Add. 6-7. Under the rule adopted by the district court and Defendants, once an individual traffic stop concludes, no plaintiff can establish standing to seek prospective relief, because that stop represents "infrequent and past harm," regardless of evidence that the challenged policies and practices continue and that Plaintiffs themselves were repeatedly harmed. Add. 6. *But see generally* Dkt. 294, Hall Decl. *and* Dkt. 299, Bonds Decl. (class representatives describing continuing pattern of discriminatory traffic enforcement). That rule would effectively preclude systemic challenges to unconstitutional traffic enforcement practices altogether.

Indeed, any individual plaintiff would face the same standing barrier once their own encounter with law enforcement ends, meaning that no plaintiff could *ever* obtain injunctive relief for unconstitutional traffic stops, even where municipal policy, custom, or deliberate indifference is the moving force behind such stops. Contrary to Defendants' assertions, that is certainly not what *O'Shea v. Littleton*, 414 U.S. 488 (1974) or its progeny hold. Because the district court (and Defendants) unduly restrict standing contrary to precedent, interlocutory review is warranted here.

## III. The District Court's Ruling Undeniably Functions as a Death Knell.

Defendants also contend that this case does not present a "death knell," but this argument fails for at least two reasons. First, this is a textbook death knell case, because the district court's standing analysis effectively determines not only whether Plaintiffs may proceed as a class, but whether injunctive claims can be adjudicated *at all*. Second, Plaintiffs and putative class members in this case are Black and Latino motorists who, in many instances, have struggled financially and even lost employment as a result of Defendants' unconstitutional traffic enforcement practices. *See, e.g.*, Dkt. 293, Yeldon Decl. ¶¶ 3-21

(recounting job loss); Dkt. 298, Evans Decl. ¶¶ 16-23 (recounting financial hardship); Dkt. 291, Franklin Decl. ¶ 14 (same); Dkt. 290, Palmer Decl. ¶¶ 13-15 (describing *both* financial hardship *and* job loss). It is thus neither conjectural nor condescending for Plaintiffs' counsel to recognize that putative class members and representatives are unlikely to retain private attorneys capable of financing years of discovery, engaging experts, and litigating their complex *Monell* claims on an individual basis if class adjudication is rendered unavailable.

## IV. Defendants' Request for Sanctions is Procedurally Defective and Meritless.

Defendants' sanctions argument also fails for a myriad of reasons, each of which is dispositive. As an initial matter, Defendants invoke Federal Rule of Civil Procedure 11, but the Supreme Court has squarely held that "Rule 11 does not apply to appellate proceedings." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 406 (1990). That limitation follows directly from the text of the Rules themselves, which provide that they "govern the procedure in all civil actions and proceedings in the United States *district courts*[.]" Fed. R. Civ. P. 1 (emphasis added). Because this matter is before the Court of Appeals, Rule 11 does not apply.

9

Further, Defendants complied with neither Rule 11 nor its counterpart in the Federal Rules of Appellate Procedure, Rule 38. Rule 38 requires "a separately filed motion or notice from the court" as a precondition for sanctions. *Great Am. Ins. Co. v. M/V Handy Laker*, 348 F.3d 352, 354 (2d Cir. 2003) (citing Fed. R. App. P. 38). Defendants did not file a separate motion. That failure alone warrants denial of their request. *Id.*

Defendants similarly failed to satisfy Rule 11's procedural requirements. To seek sanctions under Rule 11, Defendants would have had to serve a separate motion "describ[ing] the specific conduct that allegedly violates Rule 11(b)" and then wait 21 days to allow Plaintiffs to withdraw or correct the challenged filing. Fed. R. Civ. P. 11(c)(2). Contrary to Defendants' representation that they sent a "Rule 11 Safe Harbor communication," Doc. No. 13.1 at 24, they did not prepare or serve a motion for sanctions and did not wait 21 days. Instead, they sent a one-paragraph email threatening sanctions and then requested sanctions nine days later in their Response.

Defendants' sanctions theory also fails on the merits. Plaintiffs' petition raises non-frivolous arguments concerning unsettled questions

10

of law based on the district court's own rulings, including the application of Rule 23(f) to renewed motions for class certification, the legal standard applicable to such motions, the scope of standing for injunctive relief, and the specificity required for injunctive relief requests at the class-certification stage. Rule 11 expressly permits arguments seeking the extension or application of existing law. *See* Fed. R. Civ. P. 11(b)(2). That is precisely what Plaintiffs have done here, so Plaintiffs' petition is objectively reasonable.

Nor does this case approach the standard for sanctions under Rule 38. This Court imposes appellate sanctions "only in cases of blatant frivolity, bad faith, or repetitive frivolous filings." *DePasquale v. DePasquale*, 568 F. App'x 55, 56-57 (2d Cir. 2014) (summary order). A frivolous filing is one that is "totally lacking in merit, framed with no relevant supporting law, conclusory in nature, and utterly unsupported by the evidence." *In re Drexel Burnham Lambert Grp. Inc.*, 995 F.2d 1138, 1147 (2d Cir. 1993) (citation omitted). Plaintiffs' petition falls nowhere near that threshold. Nor is it foreclosed by *Fleischman* or any other precedents, as noted above. *See supra* Section I.B. At bottom, Defendants attempt to convert a good-faith request for interlocutory review of

11

substantial and unresolved legal questions into sanctionable conduct. That effort fails as a matter of law and should be rejected.

## CONCLUSION

Because of the novelty and importance of the issues presented by Plaintiffs' timely, good-faith petition for interlocutory review, and because the resolution of these issues will ultimately determine whether Plaintiffs' injunctive claims can be adjudicated at all, this Court should grant Plaintiffs' Rule 23(f) petition for leave to appeal.

12

Dated: May 4, 2026

Respectfully submitted,

/s/ *Claudia Wilner*

Philip A. Irwin
Jordan S. Joachim
Christine A. Nelson
Jacob T. Stark
COVINGTON & BURLING LLP
30 Hudson Yards
New York, New York 10001
(212) 841-1000
pirwin@cov.com
jjoachim@cov.com
cnelson@cov.com
jstark@cov.com

Matthew Alan Parham
WESTERN NEW YORK LAW
  CENTER
Cathedral Park Tower
37 Franklin Street, Suite 210
Buffalo, New York 14202
(716) 828-8415
mparham@wnylc.com

Claudia Wilner
NATIONAL CENTER FOR LAW
  AND ECONOMIC JUSTICE
50 Broadway, Suite 1500
New York, New York 10004
(212) 633-6967
wilner@nclej.org

Baher Azmy
A. Chinyere Ezie
CENTER FOR
  CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
(212) 614-6464
bazmy@ccrjustice.org
cezie@ccrjustice.org

*Attorneys for Plaintiffs-Petitioners*

13

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 5(c)(1) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 2,210 words. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in size 14 font and Century Schoolbook style.

Dated: May 4, 2026                           Respectfully submitted,

                                            /s/ *Claudia Wilner*
                                            Claudia Wilner

                                            *Attorney for Plaintiffs-Petitioners*

14

# EXHIBIT B

Query    Reports    Utilities    Help    Log Out

APPEAL,MEDIATION,Vermont

# U.S. DISTRICT COURT
## U.S. District Court, Western District of New York (Buffalo)
## CIVIL DOCKET FOR CASE #: 1:18-cv-00719-CCR

Black Love Resists et al v. City of Buffalo et al
Assigned to: Chief District Judge Christina Clair Reiss
Cause: 42:1983 Civil Rights Act

Date Filed: 06/28/2018
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

### Plaintiff

**Black Love Resists in the Rust**
*by and through its Co-Directors Natasha
Soto and Shaketa Redden and on behalf of
its members*
*TERMINATED: 10/03/2025*
*agent of*
Just Resisting
*TERMINATED: 10/03/2025*

represented by **Andrea Chinyere Ezie**
Center for Constitutional Rights
666 Broadway Floor 7
New York, NY 10012
212 614-6467
Fax: 212 614-6467
Email: cezie@ccrjustice.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Baher Azmy**
Center for Constitutional Rights
666 Broadway Floor 7
New York, NY 10012
212-614-6427
Fax: 212-614-6499
Email: bazmy@ccrjustice.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christine Adrienne Nelson**
Covington & Burling, LLP (NY)
30 Hudson Yards
New York, NY 10001-2170
212-841-1000
Email: cnelson@cov.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Claudia Wilner**
National Center for Law and Economic
Justice
50 Broadway
Suite 1500
New York, NY 10004-3821
212-633-6967

| | | |
|---|---|---|
| 10/17/2025 | 355 | Minute Entry for proceedings held before Hon. Christina Reiss: Motion Hearing held on 10/17/2025 re 252 MOTION for Summary Judgment by Daniel Derenda, Aaron Young, Kevin Brinkworth, Philip Serafini, Robbin Thomas, Unknown Supervisory Personnel 1-10, Unknown Officers 1-20, City of Buffalo, N.Y., Byron B Brown, Byron C Lockwood and 253 MOTION for Partial Summary Judgment against the City of Buffalo by Black Love Resists in the Rust, Shirley Sarmiento, Ebony Yeldon, Charles Palmer, Shaketa Redden, Joseph Bonds, Dorethea Franklin, Taniqua Simmons, De'Jon Hall, Jane Doe. <br><br> The court makes inquires. <br><br> Statements by counsel. <br><br> Court to take motions under advisement. <br><br> APPEARANCES: Andrea Chinyere Ezie, Esq., Christina Nelson, Esq., Andrew Timmick, Esq., Jordan Joachim, Esq., Claudia Wilner, Esq., Philip Irwin (Plaintiffs). Peter Sahasrabudhe, Esq., Cheyenne Freely, Esq., Hugh Russ, Esq. (Defendants). All Appearances by Zoom for Government. <br><br> (Court Reporter Kimberly Weber - Forbes Court Reporting.) (EKM) (Entered: 10/20/2025) |
| 03/16/2026 | 356 | NOTICE of Withdrawal of Attorney: Andrew Timmick no longer appearing for Plaintiffs Joseph Bonds, Jane Doe, Dorethea Franklin, De'Jon Hall, Charles Palmer, Shaketa Redden, Shirley Sarmiento, Taniqua Simmons, Ebony Yeldon. <br><br> CLERK TO FOLLOW UP. <br><br> (Joachim, Jordan) (Entered: 03/16/2026) |
| 03/27/2026 | 357 | OPINION AND ORDER denying 326 Plaintiff's Motion to Intervene Markel Nance and Thomas Christopher Williams Jr. as Plaintiffs and Representatives of the Traffic Enforcement Class ; denying Plaintiff's 327 Motion to Reconsider or Renew the Motion to Certify the Traffic Enforcement Class. Signed by Chief District Judge Christina Clair Reiss on 3/27/2026. (JLH) (Entered: 03 31/2026) |
| 04/21/2026 | 358 | MOTION to Withdraw as Attorney by Kevin Brinkworth, Byron B Brown, City of Buffalo, N.Y., Daniel Derenda, Byron C Lockwood, Philip Serafini, Robbin Thomas, Unknown Officers 1-20, Unknown Supervisory Personnel 1-10, Aaron Young. (Attachments: # 1 Declaration of Peter A. Sahasrabudhe)(Sahasrabudhe, Peter) (Entered: 04/21/2026) |
| 04/21/2026 | 359 | TEXT ORDER granting 358 Motion to Withdraw as Attorney. Attorney Peter A. Sahasrabudhe terminated. Signed by Chief District Judge Christina Clair Reiss on 4/21/2026. (DDS) (Entered: 04/21/2026) |
| 04/27/2026 | 360 | NOTICE OF APPEAL as to 357 Order on Motion for Miscellaneous Relief,, Order on Motion for Reconsideration, by Markel Nance, Thomas Christopher Williams Jr.. Filing fee $ 605, receipt number ANYWDC-5806555. Appeal Record due by 5/11/2026. (Wilner, Claudia) (Entered: 04/27/2026) |
| 04/28/2026 | | Pursuant to Local Rule 12.1 of the US Court of Appeals for the Second Circuit, Forms C and D must be completed within 14 days after the filing of a notice of appeal. Forms C and D can be obtained at www.ca2.uscourts.gov. (CGJ) (Entered: 04/28/2026) |
| 04/28/2026 | | Within 14 days of filing the Notice of Appeal, the appellant is required to electronically file with the District Court an index of filed documents it wishes the Court of Appeals to |